UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SIMPKINS,                        No. 15-12731

             Plaintiff,               District Judge Sean F. Cox

v.                                       Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
_____ /

## REPORT AND RECOMMENDATION

This is a Social Security Disability appeal brought under 42 U.S.C. § 405(g). Before the Court is Defendant Commissioner's Motion to Dismiss [Doc. #12], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED, and that the Defendant be ordered to file an answer to Plaintiff's complaint.

## I.   FACTS

Plaintiff Anthony Simpkins filed his *pro se* Complaint on July 27, 2015, challenging a final decision of Defendant denying his claim for disability benefits under Title II of the Social Security Act. The administrative history of this case is set forth in the declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review, Branch 3, Office of Disability

Adjudication and Review, Social Security Administration. *Docket #12-1.* On February 20, 2014, an Administrative Law Judge issued a decision denying Mr. Simpkins' claim for benefits. *Herbst Declaration*, ¶ 3(a). On May 19, 2015, the Appeals Council sent Mr. Simpkins a notice of its decision denying review, and advising him of his right to commence a civil action within 60 days of receipt. *Id.* Mr. Simpkins filed a complaint in this Court on July 27, 2015.

## II.   LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeal Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*,

476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).  However, "in the context of §

405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that

warrant equitable tolling.' " *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007)(quoting

*Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys*

*v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts

sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the

Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing

requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the

petitioner's reasonableness in remaining ignorant of the legal requirement for filing his

claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III.    DISCUSSION

The Appeals Council mailed its Notice of Action to Mr. Simpkins on May 19, 2015.

Adding the five days for mailing, the 60-day period to file for judicial review expired on July

24, 2016.[1]  Thus, it is clear that Mr. Simpkins filed his complaint three days past the statutory

deadline, and his complaint must be dismissed unless he can show entitlement to equitable

tolling. Applying the five *Cook* factors, I find that he is entitled to equitable tolling.

Plaintiff, now represented by counsel, makes two arguments in favor of denying

---

[1]Defendant concedes that because the fifth day after the May 19, 2015 mailing was
a Sunday, Plaintiff would be entitled to 66 days.  *Defendant's Brief* at 6, fn 1.

Defendant's motion.  He contends that (1) the Complaint was timely filed, and alternatively, (2) the 60-day deadline should be equitably tolled.  *Response,* 2-3, *Docket #13.*  Plaintiff's claim that he did not actually receive notice of the Appeals Council action until May 27, 2015 and thus, the July 27, 2015 was timely filed is without merit.  The May 19, 2015 Appeals Council notice states that the 60-day period to file a civil actions starts "the day after you receive this letter."  *Docket #12-3* at 2.  However, the notice goes on to state that "We assume you received this letter 5 days after the date on it [May 19, 2015] unless you show us that you did not receive it within the 5-day period."  *Id.*  The record contains no indication that Plaintiff asked for an extension of time or otherwise attempted to show that he received notice of the Appeals Council action later than the presumptive five-day mailing period.

In support of his argument for equitable tolling, Mr. Simpkins states that he received the Appeals Council notice on May 27, 2015.  *Affidavit of Anthony Simpkins* at ¶ 2, *Docket #13-1.*  Mr. Simpkins' wife states that her husband did not receive the Appeals Council notice until May 27, 2015.  *Affidavit of Amy Simpkins* at ¶ 2, *Docket #13-2.*  Mr. Simpkins states further that after receiving notice, he spoke to his attorney, who informed him that (1) he would not be representing Mr. Simpkins in appealing the administrative decision, and, (2) Mr. Simpkins had 60 days from receipt of the Appeals Council notice to file a civil action.  *Id.* at ¶ 3.  Mr. Simpkins notes that in the days following the conversation with his attorney, he attempted to procure another attorney but ended up preparing the *pro se* Complaint and mailing it on July 25, 2016.  *Id.* at ¶ 4.

-4-

The May 19, 2015 notice clearly states that Mr. Simpkins was required to show that he received it later than May 24, 2015 if requesting additional time to file a complaint. *Docket #12-3* at 2. He did not do so. Under the first *Cook* factor, he concedes that he had both actual and constructive notice of the filing requirement. Under most circumstances, his failure to follow the notice's instructions regarding the 60-day deadline (regardless of his *pro se* status or the actual date of receipt) would support a denial of equitable tolling. However, Plaintiff states that he relied on his former counsel's instructions to file the Complaint within 60 days of receipt. Under the fifth *Cook* factor, his reliance on his former attorney to inform him of the proper filing deadline is not unreasonable.

The remaining factors also support equitable tolling. Despite the late filing, Mr. Simpkins has been diligent in pursuing his rights. While the Complaint was filed late as a matter of law, Mr. Simpkins filed only three days after the 65-day deadline. A substantive decision in this case will be based on the administrative record, and there will be no discovery. Defendant concedes that she will not be prejudiced by the tardy filing.

I am disinclined to deny Plaintiff a full review of the case simply because he filed the Complaint three days late based on his former counsel's advice.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #12] be DENIED, and that the Defendant be ordered to answer Plaintiff's Complaint.

-5-

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 10, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 10, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen