UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Simpkins,

    Plaintiff,

v.                                              Case No.  15-12731
                                                    Honorable Sean F. Cox
                                                    Magistrate Judge R. Steven Whalen

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 27, 2015, Plaintiff filed a *pro se* complaint[1] seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to disability benefits for his physical impairments under 42 U.S.C. § 405(g).  (Doc. #1).

On February 23, 2016, Defendant filed a motion to dismiss on the basis that Plaintiff's complaint was not filed within the 60-day period set out in 42 U.S.C. § 405(G).  (Doc. #12). Plaintiff responded to the motion on March 11, 2016.  (Doc. #13).  Defendant replied on March 24, 2016.  (Doc. #14).  All proceedings in this case were referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(1)(C).  (Doc. #2).

On April 10, 2016, Magistrate Judge Whalen issued a Report & Recommendation ("R&R"), wherein he recommended that the Court DENY Defendant's motion, and

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted by Magistrate Judge Whalen.  (Doc. #7).

recommended that Defendant be ordered to file an answer to Plaintiff's complaint. (Doc. #15, R&R). Defendant filed timely objections to the April 10, 2016 R&R on April 25, 2016. (Doc. #16, Def.'s Objs.). Plaintiff filed a Response to Defendant's objections on May 9, 2016. (Doc. #18, Pl.'s Resp.).

The Court finds Defendant's objections to be improper or without merit. The Court shall therefore **ADOPT** the R&R, **DENY** Defendant's Motion to Dismiss, and **ORDER** Defendant to file an Answer to Plaintiff's Complaint.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In her motion, Defendant sought to have the Court dismiss Plaintiff's complaint on the basis that it was untimely. According to Defendant, Plaintiff's complaint had to be filed no later than July 24, 2015.[2] Defendant pointed out that the complaint–filed on July 27, 2015–was three days late. Defendant also argued that Plaintiff was not entitled to equitable tolling. (Def.'s Br. at 6-7).

Plaintiff countered by arguing that his complaint was timely filed, or alternatively, that the 60-day deadline should be equitably tolled. (Pl.'s Resp.).[3] Plaintiff first maintained that he did not actually receive the notice until May 27, 2015, making his July 27, 2015 complaint timely. Plaintiff alternatively argued that his circumstances justified equitable tolling of the 60-day deadline. Among the arguments advanced by Plaintiff was the claim that Plaintiff reasonably relied on his former attorney's advice that he had 60 days from the date of receipt (May 27, 2015) to file a complaint.

Magistrate Judge Whalen recommended that the Court deny Defendant's motion to dismiss and order Defendant to file an Answer to Plaintiff's complaint. (R&R at 1). In so doing, the Magistrate Judge rejected Plaintiff's timeliness argument, but still found that the circumstances warranted equitable tolling. *Id.* at 4-5. After concluding that equitable tolling was warranted, Magistrate Judge Whalen stated that he was "disinclined to deny Plaintiff a full

---

[2] Defendant maintained that the decision to deny benefits became final on May 19, 2015, when the Appeals Council issued its Notice to Plaintiff. (Def.'s Br. at 6). The date of receipt is presumed to be five days after the date on the notice, unless Plaintiff makes a reasonable showing to the contrary. *Id.* at 5 (citing 20 C.F.R. §§ 405(g), (h)).

[3] Plaintiff secured legal representation by the time Defendant filed her motion to dismiss.

3

review of the case simply because he filed the Complaint three days late based on his former counsel's advise." *Id.* at 5.

Defendant has lodged three objections to the April 10, 2016 R&R, all of which pertain to the Magistrate Judge's equitable tolling determination. As explained below, the Court finds Defendant's objections to be improper or without merit. Moreover, the Court agrees with the Magistrate Judge's determinations as to the challenged issues.

## I.     Objection 1

In her first objection, Defendant argues that lack of prejudice to the Commissioner cannot serve as a basis for applying equitable tolling. (Def.'s Objs. at 2). Defendant appears to advance two separate arguments.

First, Defendant argues that "a lack of prejudice to the Commissioner is a factor that cannot be considered in determining whether to apply equitable tolling, pursuant to the Court's analysis in *Cook*." *Id.* at 4. This is an improper objection because it raises a new argument not presented to the Magistrate Judge.[4] Notably, this argument is contradicted by Defendant's own motion to dismiss, wherein she outlined the five factors "courts must consider" when deciding whether to apply equitable tolling. *See* Def.'s Br. at 7 (citing *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)) ("In considering whether to apply equitable tolling, courts must consider the following factors: (1) Plaintiff's lack of actual notice of the filing requirements; (2) Plaintiff's lack of constructive knowledge of the filing requirement; (3) Plaintiff's diligence in

---

[4] The Court notes that Defendant's reply brief in support of her motion to dismiss states summarily that prejudice cannot serve as a basis for equitable tolling. However, neither the motion to dismiss nor the reply brief present the specific argument that is now raised in Defendant's objection.

4

pursuing his rights; (4) prejudice to the Defendant; and (5) Plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim."). Moreover, even if Defendant's objection was proper, the Court rejects Defendant's interpretation of *Cook*. Defendant does not cite a single Sixth Circuit case to support such an interpretation. *See* Def.'s Objs. at n. 4.

Second, Defendant argues that "even if a lack of prejudice to the Commissioner may be a consideration under *Cook*, it cannot serve as an independent basis for equitable tolling." (Def.'s Objs. at 4). The problem with Defendant's argument here is that it disregards the Magistrate Judge's application of **all five factors** outlined in *Cook*. Lack of prejudice to Defendant was only one factor weighing in favor of equitable tolling. The Magistrate Judge also found that Plaintiff was diligently pursuing his rights and that Plaintiff's ignorance as to the legal requirement for filing his claim was reasonable. (R&R at 5).

For the reasons outlined above, Defendant's first objection is overruled.

**II.     Objection 2**

In her second objection, Defendant disputes the determination that Plaintiff was diligent in pursuing his rights. (Def.'s Objs. at 4). Defendant argues that Magistrate Judge Whalen provides no explanation for such a finding. *Id.* at 5. Defendant's argument overlooks the Magistrate Judge's acknowledgment of the circumstances leading up to the filing of Plaintiff's *pro se* complaint. (R&R at 4).

Magistrate Judge Whalen specifically noted that: (1) Plaintiff was advised by his former attorney that he would not represent Plaintiff in his appeal; (2) that Plaintiff's former attorney also advised Plaintiff that he had 60 days from receipt of the notice to file a civil action; (3) that

5

Plaintiff attempted to procure another attorney to represent him in his appeal; and (4) that when Plaintiff's attempts proved to be unsuccessful, Plaintiff prepared the complaint himself and mailed it on July 25, 2015. *Id.* These actions support the Magistrate Judge's determination that Plaintiff was reasonably diligent in pursuing his case.

Moreover, Defendant's reference to *Moore v. Comm'r of Soc. Sec.*, 2013 WL 3467027, \*3 (E.D. Mich. July 10, 2013), does not call into question the Magistrate's finding. *Moore* is factually distinct from the instant case. In *Moore*, the plaintiff filed her complaint five days past the statutory deadline. *Moore*, 2013 WL 3467027, at \*3. The court determined that equitable tolling was not warranted under the circumstances because: (1) the plaintiff was aware that her complaint may not have been timely filed at the time she filed it; (2) the facts did not establish that the plaintiff was diligently pursuing her rights[5]; and (3) the plaintiff could not have been reasonable in remaining ignorant of the filing deadline because the plaintiff admitted that her complaint may have been untimely.

Here, unlike in *Moore*, Plaintiff's complaint does not concede that it is untimely filed. Also unlike *Moore*, Plaintiff was diligent in pursuing this case – as is evidenced by his multiple attempts to secure legal representation and the eventual filing of the *pro se* complaint. And finally, Magistrate Judge Whalen found Plaintiff's ignorance as to the filing deadline reasonable because Plaintiff relied on the advice of his former attorney.

---

[5] In determining that the plaintiff's *pro se* complaint could have been filed before the due date, the court noted that the complaint and response to the motion to dismiss were typed, well written, and appeared to be in a standard legal format, and that the plaintiff was "clearly on notice" that she could have requested an extension if more time to file was needed. *Moore*, 2013 WL 3467027, at \*3. Unlike the plaintiff in *Moore*, here, Plaintiff's *pro se* complaint does not appear to be in a standard legal format (it consists of a single paragraph), and it is not well written (it contains grammatical errors).

Defendant also cites *James v. United States Postal Service*, 835 F.2d 1265, 1267 (8th Cir. 1998), for the proposition that Plaintiff's unsuccessful attempts to obtain legal representation do not justify equitable tolling. (Def.'s Objs. at 5). As a threshold matter, the Court notes that this case is not binding, and Defendant has not cited a Sixth Circuit case that supports her stated position. Moreover, *James* is factually distinct from the present case. Notably, the court in *James* did not employ the *Cook* factors when deciding whether equitable tolling was warranted. *See James*, 835 F.2d at 1267. The decision in *James* did not involve the 60-day deadline that is at issue here. *Id.* at 1266. Further, the plaintiff in *James* did not reasonably rely on the advice of an attorney. And finally, the plaintiff in *James* filed his complaint more than two weeks past the filing deadline. *Id.*

Defendant's argument fails for another reason: it presumes that the Magistrate Judge based his equitable tolling determination solely on Plaintiff's attempts to secure legal representation. While this fact, on its own, may not be sufficient for purposes of equitable tolling, it was one of three other factors that weighed in Plaintiff's favor.[6] (R&R at 5).

For the foregoing reasons, Defendant's second objection is overruled.

## III.    Objection 3

In her third objection, Defendant argues that the Magistrate Judge's analysis of the fifth *Cook* factor is "internally inconsistent." (Def.'s Objs. at 6).

The Court has reviewed the R&R and finds that Magistrate Judge Whalen's analysis is not "internally inconsistent." For this reason, Defendant's third objection is overruled.

---

[6] Magistrate Judge Whalen determined that the first two *Cook* factors (actual and constructive notice) weighed in Defendant's favor and determined that the last three *Cook* factors weighed in Plaintiff's favor.

7

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that the Court **ACCEPTS AND ADOPTS** the April 10, 2016 R&R. **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **DENIED**. **IT IS FURTHER ORDERED** that Defendant is to file an Answer to Plaintiff's Complaint.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 23, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 23, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager